UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| COREY LOUIS HINES, | ) | |
|---|---|---|
| Movant, | ) | |
| v. | ) | No. 4:10CV41 HEA |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon review of Corey Louis Hines' motion for habeas corpus relief brought pursuant to 28 U.S.C. § 2255.

## Background

On November 8, 2005, a jury found movant guilty of the following crimes: knowingly and willfully conspiring with another to commit identity fraud by misrepresenting their names and social security numbers, in violation of 42 U.S.C. § 408(a)(7)(B); two counts of knowingly aiding and abetting another when he falsely represented a number to be the social security account assigned to him by the Commissioner of Social Security on a credit application for the purpose of obtaining credit, money, and property, and with the intent to deceive, in violation of 42 U.S.C. § 408(a)(7)(B) and 18 U.S.C. § 2; falsely representing, with the intent to deceive, that a number was the social security account number assigned to him by the

Commissioner of Social Security for the purpose of concealing his true identity from law enforcement, in violation of 42 U.S.C. § 408(a)(7)(B); and knowingly using without lawful authority a means of identification of another person, in violation of 18 U.S.C. § 1028(A). *See United States v. Hines*, No. 4:05-CR-107-HEA (E.D. Mo.). Movant was sentenced by this Court on February 24, 2006, to ninety-five months imprisonment and a term of three years supervised release. On January 8, 2007, the Eighth Circuit Court of Appeals affirmed the judgment. *United States v. Hines*, No. 06-1719 (8th Cir.). The Appellate Court's mandate was issued on March 8, 2007. The Supreme Court denied certiorari on October 1, 2007.

## Discussion

Movant seeks relief, pursuant to 28 U.S.C. § 2255, from his conviction and sentence on the grounds that this Court lacked jurisdiction to enter the judgment, he was improperly extradited and held to answer on three invalid indictments that lacked proper signatures, he was not given a detention hearing until two days after his initial appearance, he was held in custody without bail and with no charging instrument, and he was convicted and sentenced on a no bill.

The Court's records show that movant previously brought a motion for relief under 28 U.S.C. § 2255, which this Court denied on the merits. *See Hines v. United States*, No. 4:07-CV-1884-HEA (E.D. Mo.). Thereafter, movant sought

relief pursuant to 28 U.S.C. § 2241 and/or § 2255 on two occasions, which were also denied. *See Hines v. Devore*, 4:09CV1236 HEA (E.D. Mo.) and *Hines v. Hayes*, 4:10CV39 HEA (E.D. Mo.).

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals" to contain certain information. Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Because movant did not obtain permission from the Eighth Circuit Court of Appeals to maintain another § 2255 motion in this Court, the Court lacks authority to grant movant the relief he seeks.

Therefore,

**IT IS HEREBY ORDERED** that the instant motion for habeas corpus relief is **DENIED**, without prejudice, because movant did not obtain permission from the Eighth Circuit Court of Appeals to file in this Court a successive motion under 28 U.S.C. § 2255.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 3rd day of March, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE